UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIANA GUTIERREZ,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC; ROBERT VISSER and DOES 1 through 20, inclusive,

    Defendants.

No. 2:18-cv-03209-MCE-KJN

**MEMORANDUM AND ORDER**

On August 21, 2018, Plaintiff Diana Gutierrez ("Plaintiff") filed this action in state court against Defendant Lowe's Home Center, LLC. ("Lowe's") and Defendant Robert Visser ("Visser"). Plaintiff's Complaint alleges, <u>inter alia</u>, that she was discriminated against, harassed and subject to retaliation while employed at Lowe's, all in violation of California's Fair Employment and Housing Act. Plaintiff also alleges wrongful discharge a number of other violations of state law. On December 14, 2018, Defendants removed Plaintiff's lawsuit to this Court, citing diversity of citizenship pursuant to 28 U.S.C. § 1441(b). Presently before the Court is Plaintiff's Motion to Remand. ECF No. 10. For the following reasons, that Motion is DENIED.[1]

///

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs pursuant to Local Rule 230(g).

1

**BACKGROUND**

Plaintiff's complaint, initially filed on August 21, 2018, in Solano County Superior Court, included several California residents as defendants. Reasoning that Plaintiff was also a California resident, Defendants contend they could not invoke diversity citizenship since complete diversity between the parties was not present. Then, on December 4, 2018, Plaintiff dismissed the California resident defendants leaving as parties Plaintiff, a California resident, Defendant Visser, a Texas resident, and Defendant Lowe's Home Centers LLC, a limited liability company organized under the laws of North Carolina. On December 14, 2018, Defendants consequently removed the case to this Court on grounds that complete diversity had been created.

Plaintiff's attorney emailed counsel for Lowe's later that same day, requesting that Lowe's stipulate to remand the case back to state court. Decl. of Karen Jennings Evans, Ex A. to Def.'s Opp. ECF No. 13, ¶ 2. According to defense counsel, while Plaintiff was "not taking the position that [Plaintiff] was a citizen of another state" he nonetheless averred that Lowe's "did not sufficiently allege citizenship in [its] Notice of Removal". Id. at ¶ 3. Plaintiff's counsel added that had the defense "alleged Plaintiff's address or any other information to prove that she is in fact a citizen of California . . . we wouldn't be challenging whether you have met your burden". Id.

In order to resolve this seemingly inconsequential impasse, Lowe's filed a supplemental declaration on December 20, 2018 and attached W-2 forms and other employment records from 2009-17 which evidenced Plaintiff's California citizenship. See Suppl. Decl. of Lowell Klassert, ECF No. 7.

Plaintiff nonetheless filed the instant Motion to Remand a day later, on December 21, 2018, alleging that Defendants had "not proven by a preponderance of the evidence in their Notice of Removal that the citizenship of the parties [was] diverse." Pl.'s Mot., ECF No. 10, 1:28-2:1. Plaintiff bases this contention on the fact that the Notice of Removal simply states, with no corroborating facts, that Plaintiff is a citizen and

resident of the State of California. According to Plaintiff, the operative First Amended Complaint ("FAC") states only that Plaintiff is an individual "with her residence in California" (FAC, ¶ 1) and nowhere "make[s] **any** reference to Plaintiff's citizenship." Pl.'s Mot., 4:27-28. Plaintiff asserts that the Klassert Declaration was in essence an "admission that their Notice of Removal was defective," and because Plaintiff claims that Lowe's citizenship allegations were "insufficient" to invoke to demonstrate diversity at the time of removal, Plaintiff claims this matter should be remanded. Id. at 5:16-21.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f

3

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

As Defendants point out, Plaintiff does not appear to dispute that she is in fact a California citizen, or that Defendants Visser and Lowe's are citizens of Texas and North Carolina, respectively, thereby creating diversity. Nor does Plaintiff assert that the amount in controversy requirement has not been satisfied. Instead, Plaintiff asserts that the case should be remanded because Defendants did not <u>prove</u> that Plaintiff was a California citizen in their Notice of Removal.

Plaintiff's contention is utterly devoid of merit. It flies in the face of the removal statute itself, which simply requires "a short and plain statement of the grounds for removal" together with a copy of all process, pleadings and orders in the action. 28 U.S.C. § 1446(a); <u>see also</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) (for purposes of removal, "the defendants were merely required to allege (not to prove) diversity"). As the Supreme Court has held, the requisite short and plain statement "need not contain evidentiary submissions." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S. Ct. 547, 551 (2014). Instead, as <u>Dart</u> recognized, actual evidence establishing the propriety of diversity jurisdiction is necessary "only when the plaintiff contests, or the court questions, the defendant's allegation." <u>Id.</u> at 554.

Here, as indicated above, Defendants' Notice of Removal states that "Plaintiff is a citizen and resident of the State of California." ECF No. 1, ¶ 10. Moreover, the allegations of Plaintiff's FAC itself make clear that she was both an "individual with her residence in California", and an employee of Lowe's, also in California. <u>See</u> Pl.'s FAC, ¶ 1.

Given those allegations, Defendants had no reason to question the viability of their citizenship claims, let alone suspect that Plaintiff would contest them. Nonetheless,

4

when confronted with Plaintiff's apparent challenge, Defendants went one step further, as contemplated by the court in <u>Dart</u>, and filed a supplemental declaration with corroborating evidence. In that Declaration, Lowell Klassert, a Lowe's Human Resources executive responsible for overseeing human relations matters in the Greater San Francisco Bay Area, states that Plaintiff worked between January of 2009 and August of 2017 at Lowe's stores located in Fairfield and Vacaville, California. Klassert Supp. Decl., ECF No. 7, ¶¶ 1-3. Mr. Klassert further indicates that Plaintiff's Form W-2's for that period indicate addresses in Winters, Vallejo and Vacaville, California. <u>Id.</u> at ¶ 5. That additional information removed any doubt whatsoever as to Plaintiff's citizenship, was provided within the 30-day time frame for removal, and was both submitted to Plaintiff and filed with this Court prior to the filing of Plaintiff's Motion to Remand. Why Plaintiff still persisted in filing his Motion under these circumstances defies credulity.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: April 22, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

5